Lois Loretta Swanston BIRRITTIERI (Plaintiff), Appellant,

v.

John Henry SWANSTON (Defendant), Respondent.

No. 29858.

St. Louis Court of Appeals. Missouri.

April 1, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied May 2, 1958.

Frank W. Tomasso, Preston Quick, St. Louis, for appellant.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, St. Louis, for respondent.

ANDERSON, Judge.

This is an appeal by plaintiff, Lois Loretta Birrittieri, from an order of the circuit court overruling plaintiff's motion to modify a divorce decree with respect to the custody of two minor children.

Plaintiff obtained a decree of divorce from the defendant, John Henry Swanston, on April 13, 1953. By said decree defendant was awarded the general custody of the children, with temporary custody to plaintiff on Saturday and Sunday of each week. The children were: Nancy Lee, age 12 at the time of the trial below; and John Henry, who was born December 29, 1951.

The parties separated some time prior to the divorce, but the record does not show how long a period of time elapsed between the separation and divorce. Plaintiff left and went to live with her sister, but did not take the children with her. During that time she worked as a waitress at Pagliacci's restaurant. Defendant testified that he did not know the reason why plaintiff left. Three weeks after the divorce plaintiff married her present husband, Nicholas Birrittieri. Plaintiff testified that she did not contemplate marrying Mr. Birrittieri at the time of the divorce. Mr. Birrittieri was a waiter at Pagliacci's restaurant.

Plaintiff has a daughter by the second marriage—Kathleen Maria, born August 14, 1955. Plaintiff has not been employed since about four months prior to the birth of this child.

At the present time, plaintiff lives with her husband and child at 6415 Clifton Drive in St. Louis. The house in which they reside consists of four rooms—kitchen, living room, two bedrooms, and a bath. There is also a playroom in the basement. Back of the house is a play area which is enclosed by a cyclone fence. Plaintiff testified that the children would sleep in twin beds in one of the bedrooms. Plaintiff has been living in her present home for about three years. Prior to that, plaintiff lived in a three room apartment.

Mr. Birrittieri is thirty-five years of age. He is still employed as a waiter at Pagliacci's restaurant and cocktail lounge. His earnings average about $80 per week. He testified at the trial that he would accept the children in his home and would do all he could to make their lives wholesome. Plaintiff testified that if the court should see fit to grant her general custody of the children she would devote her entire time to her three children. She testified that since the divorce, and prior to the first hearing in this case, she purchased all the clothing for the children. She did not know how much money she had spent for clothing. She made these purchases on her own accord and not at Mr. Swanston's request.

Plaintiff further testified that she took Nancy Lee to church every Sunday morning at St. Raphael's. On account of his age, the little boy does not go to church.

The defendant is thirty-six years of age, and is by occupation a lawyer in the employ of the Maryland Casualty Company as assistant claims manager. His take-home pay is $100 per week. He holds A.B. and LL.B. degrees from St. Louis University. He and his two children reside at the home of his parents at 5917 Hampton Avenue in St. Louis. Also residing there are his two sisters. His sister Mary Ann, age twenty-five, is employed by the Southwestern Bell Telephone Company as a comptometer operator. The younger sister, Carol, age nineteen, is a student at St. Louis University School of Nursing. Defendant's father is a practicing attorney. His mother serves as housewife, taking care of the home and family. To aid her in this, a cleaning woman is employed one day a week; also a laundress, who does the family ironing once a week. All members of this household are in good health. Defendant and the two children have been living in the parent's home continuously since plaintiff and defendant separated.

The house in which defendant and his children live is a five room brick bungalow. It contains a living room, dining room, kitchen, bath and two bedrooms on the first

floor. Nancy Lee and her father sleep in the basement room; John sleeps in a youth bed in his grandparent's bedroom. The basement room contains twin beds that can be converted into a sofa during the daytime. There is a desk, several lounge chairs, bookcase, record player and television set. The ceiling is acoustical tile, and the floor asphalt tile. The ceiling beams are boxed in with plywood. It is electrically lighted and is provided with heat. It has a toilet and shower bath.

Defendant's daughter, Nancy Lee, is about 5 feet 2 inches tall, and weighs about 112 pounds. She is in good health, never having been ill except for colds. She attends St. Raphael's, a parochial school. She has attended this school since September, 1953. She makes good grades and, according to her report card, is neat, cooperative, and industrious. She plays with her girl friends, who are mostly classmates at school. Nancy Lee is on the school volley ball team, which defendant coached the summer prior to the hearing below. She is quite active athletically and socially. There is a public school playgrounds immediately in back of the house where the children play ball when the weather is nice. Nancy Lee attends church every Sunday and, with the school children, receives communion every morning.

Defendant, with very few exceptions, spends his evenings after working hours with the children. He puts his son to bed. He has taken Nancy Lee on summer trips. He takes the children to approved movies. He and Nancy Lee go ice skating together. He also takes her to baseball and basketball games. Friday evenings are reserved for shopping and going out socially or attending a movie. He takes the children with him when he goes shopping. Defendant and his next door neighbor divide days in taking their children to school mornings. The neighbor's daughter and Nancy Lee are in the same room at school and are intimate friends. Nancy Lee is given chores to do at home, such as setting the table and, in summer, washing the breakfast dishes. She

does her homework faithfully, and defendant helps her with it. If they finish the homework in time, they play cards or watch television.

Defendant testified that since the divorce he has provided the children with all necessary clothes. They are neat, clean, and well dressed. He stated that plaintiff has bought clothing for the children, but that it was not necessary for her to do so.

John plays all day, in the house or outside. At night he watches television. The father and son build model airplanes and play cards. John weighs 38 to 40 pounds. He is in good health. He gets along well with everyone, as does Nancy Lee.

The defendant's testimony was corroborated in detail by the testimony of his parents, and Mrs. Agnes Hatfield, a neighbor.

Two propositions are urged by appellant, namely: (1) that the children are at present living in a very unwholesome atmosphere; and (2) that a change of conditions has occurred which requires a change in custody.

■ The charge that the children now live under unwholesome conditions is not supported by any substantial evidence. The evidence shows that the children occupy a preferred position in the Swanston home where they enjoy the affection of all members of the Swanston family. Their physical needs are well cared for. They receive proper spiritual and moral training. Their educational needs are well supplied. Recreation and amusements are supplied and carefully supervised. The children are well adjusted and contented. They receive the constant guidance of their father, who the evidence shows has devoted much time and effort to their welfare.

■ The changed conditions which have occurred since the divorce are: that plaintiff has remarried; that she and her present husband have acquired a comfortable five-room bungalow; that she has terminated her employment and is in a position to devote her full time to her home and children.

These changed conditions were clearly shown by the evidence. However, such change of conditions is not enough to warrant a change in custody. It must also be shown that the welfare of the children demands a change of custody. The test to be applied is stated by this court in Schumm v. Schumm, Mo.App., 223 S.W.2d 122, 126, as follows: "A provision once made becomes as conclusive as any other order or decree, and can only be modified on a showing of subsequently changed conditions. However, there is this to be borne in mind —that while proof of a change in conditions is a prerequisite to the modification of a decree, such proof does not necessarily require a modification, and no modification will be made unless the welfare of the child itself requires a change in the provisions for its custody."

■ With the foregoing rule in mind, we have carefully considered and weighed the evidence in this case and have reached the conclusion that the best interest of the children will be served by leaving them in the custody of the father. The children have been with the father now for about five years. They have become adjusted to their home and are happy in it. They have made friends with other children in the neighborhood. They have received excellent care. The educational and spiritual needs have been adequately supplied.

We do not believe that the change of conditions shown, when considered along with the other facts and circumstances, warrants a finding that the welfare of the children would be best served by awarding their custody to plaintiff. We are not convinced that their needs would be better served in the Birrittieri home than the home of their father. There are certain factors which lead to the opposite conclusion. Instead of being under the authority of their father, who has proven his fitness as such, the children would be living in a home presided over by a step-father, concerning whom we know very little. The children's mode of living would be radically changed. They would leave a home where they have for the last five years received loving and tender care. They would part with the friends they have made in the community and, in all probability, would be compelled to change schools.

■ But appellant, in her brief, stresses the fact that she was granted the divorce and that she is the natural mother of the children and therefore should be given their custody. These are considerations which might properly be considered by a trial court when fixing custody at the time of the original decree. But, here, we are concerned with changed conditions as they affect the welfare of the children. A modification should be made only on the basis of new facts. The fact that the movant is the mother of the children and that she was found to be the innocent and injured party in the original proceedings will not warrant a change in custody, absent a showing of changed conditions making such a change in custody desirable.

■ A change of custody should be made only for the most cogent reasons. The court should not indulge in experiments with so important a trust, especially where the child is in a home where it receives good treatment and moral training. Irvine v. Aust, Mo.App., 193 S.W.2d 336, 342. In the case at bar, the trial court heard the evidence. He saw the parties and had an opportunity to form an opinion regarding their character and fitness. In such a situation, the finding of the trial judge should not be lightly disturbed. In fact, such finding should be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence and discloses a manifest abuse of judicial discretion. Martin v. Martin, Mo.App., 160 S.W.2d 457; Baer v. Baer, Mo.App., 51 S.W.2d 873; Conrad v. Conrad, Mo.App., 296 S.W. 196; Lampe v. Lampe, Mo.App., 28 S.W.2d 414; Rone v. Rone, Mo.App., 20 S.W.2d 545.

■ After considering all the evidence in this case we are of the opinion that plaintiff has failed to maintain the burden

of proof which the law casts upon her in cases of this character. She has not shown defendant to be an unfit person to have the care and custody of the children in question; nor has she shown such a change of conditions since the original decree as would warrant a finding that the best interest of the children would be served by a change of custody from defendant to her.

The judgment appealed from is affirmed.

RUDDY, P. J., and JOHN C. CASEY, Special Judge, concur.