Jack E. NOBLE, (Plaintiff) Appellant,

v.

Joan NOBLE, Now Joan Mobley, (Defendant) Respondent.

No. 30606.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1960.

Edward J. Lawson, Clayton, for appellant.

Morris A. Shenker and James Nangle, St. Louis, for respondent.

ANDERSON, Judge.

This is an appeal by plaintiff, Jack E. Noble, from an order of the circuit court sustaining a motion to modify a divorce decree with respect to the custody of the minor child of the parties, which motion was filed by defendant, Joan Noble, now Joan Mobley.

Plaintiff obtained a decree of divorce from defendant in the circuit court of the City of St. Louis on March 11, 1958. By said decree plaintiff was awarded the general custody of their minor child, Jack E. Noble, Jr., subject to the right of defendant to visit the child at all reasonable times until further order of the Court. The child was three years old at the time of the divorce, and slightly under five years of age at the time of the hearing of the motion to modify, January 25, 1960.

In her motion to modify the decree defendant alleged that since its rendition there had been a change in circumstances which warranted a modification of the decree; that she had remarried and was living in comfortable surroundings and was then a housewife willing to devote all of her time to the care of said child and the child of her present marriage; that Jack E. Noble, Jr., was being cared for during the daytime by one Betty Godier and was not receiving

the love, affection and proper rearing to which he was entitled; that plaintiff works long hours and must of necessity entrust the care of Jack Noble, Jr., to Betty Godier during most of the child's waking hours; that defendant believed the arrangement was confusing to the child and that the child would be better cared for by receiving the full care and attention of his natural mother; that she had great love for the child and was ready and able, as was her present husband, to devote herself completely to the care, attention, education and spiritual requirements of said child, and that it would be for the best interest of said child for the court to enter its order transferring the custody of said child to her.

Prior to the hearing of defendant's motion to modify, defendant amended the prayer of her motion to include authority to take the child to defendant's new home in Cahokia, Illinois.

At the time of the divorce defendant was employed at Bettendorf's, a food market. Also employed there was Edward Mobley. On May 9, 1958, defendant and Edward Mobley were married. Of this union a baby girl was born December 19, 1958. Defendant quit working in August 1958 and has since devoted full time to being a housewife. She testified she did not contemplate future employment but desired to devote full time to raising her children.

Defendant, at the time of the hearing, was living with her present husband in a two-family flat at 3853 DeTonty Street in the City of St. Louis. Recently defendant and her husband have purchased a new home in Cahokia, Illinois, which would be ready for occupancy March 1, 1960. This house when completed would have three bedrooms. There is a school in the area, and a school bus for transportation which would pick up the child at his door. Defendant testified that the child would be ready for school the following September.

Defendant's present husband, Edward Mobley, is thirty-six years of age. By trade he is a meatcutter and works at Betten-dorf's Hampton Village market in St. Louis. His take home pay is $95.85 per week. He works five days a week. He has worked at Bettendorf's for the last ten years.

After the divorce the parties worked out an arrangement whereby defendant was given the temporary custody of the child on Tuesdays and Thursdays. It is the practice under this arrangement for defendant to pick up the child on those days about 9:00 o'clock in the morning and return him to plaintiff's home in the evening.

Defendant testified that at the time of the divorce it was her understanding that she could have the child as soon as she was able to take care of him. She further stated that about two months after the divorce she did request that the child be given to her, but was told she could not have him. She was working at the time, but testified that she would probably have quit work if her request had been granted.

Edward Mobley, defendant's husband, testified that he liked the child and that the latter seemed to like him; that he was willing to assist his wife in the care of the child if the court should see fit to transfer the custody to his wife.

Rachel Smith testified that she lived in the neighborhood where defendant and her husband lived; that she had been in their home once or twice a week for the last two years; that Mrs. Mobley was a good housekeeper and that Mr. and Mrs. Mobley's reputation among their neighbors for honesty, truthfulness and moral character was very good.

Marie Rundle testified she had known Mrs. Mobley for ten years; that during the last year or so she had been to see Mrs. Mobley in her home once or twice a week; that Mrs. Mobley was a very dutiful mother, and her reputation among her neighbors for truthfulness, morality and good character was very good.

Plaintiff, Jack Noble, is self-employed. He operates a filling station at 9930 South Broadway in St. Louis. His net income from the business is about $125 per week.

The station is open from 7:00 A.M. to 7:00 P.M. Plaintiff has three employees, two part-time and one full-time. Plaintiff opens the station on Monday through Saturday at 7:00 A.M. He leaves the station for the day around 5:30 or 6:00 P.M. He takes an hour off for lunch. He eats his lunch at home. Mrs. Godier, who has charge of his son during the daytime period, fixes the lunch, and father and son have lunch together.

Plaintiff lives with the child in a four room apartment at 4403 Pennsylvania Avenue in St. Louis. This apartment has one bedroom shared by father and son.

While plaintiff is at work, Mrs. Godier takes care of the child. She is a sister of the defendant. Mrs. Godier is a married woman, and lives with her husband at 4134 Oregon Street in St. Louis. It is her practice, except on Tuesdays and Thursdays, to arrive at plaintiff's apartment about 6:30 A.M. She then prepares breakfast for the child. Between twelve and one o'clock she prepares lunch for plaintiff and the boy. At 1:00 o'clock she goes to her own home, taking the boy with her. Between 5:00 and 6:00 P.M. she returns to plaintiff's apartment and prepares the evening meal for Mr. Noble, Jackie, and herself. Mr. Noble arrives home usually around 6:00 P.M. After the evening meal Mrs. Godier goes to her own home. Mrs. Godier takes care of most of the child's material needs, such as buying clothes, doctors and dental appointments, etc. She takes him to church on Sunday. Her husband does not object to her taking care of Jackie. The husband works from 4:00 P.M. to midnight. Mrs. Godier testified that it was her desire that the present arrangements for taking care of Jackie be continued.

The court sustained defendant's motion and ordered that the decree be modified by giving defendant custody of said child until further order of the court, and that plaintiff have temporary custody on alternate weekends from 10:00 A.M. Saturday until 6:00 P.M. Sunday, and for two weeks during the summer vacation period. It was further ordered that defendant have and recover of the plaintiff the sum of $10 per week for the support and maintenance of said child.

Appellant contends that the court erred in sustaining defendant's motion to modify the decree for the reason that the evidence fails to show such a change of conditions as would warrant a finding that the best interests of the child would be served by a change of custody. In support of this contention it is urged that the fact defendant has remarried, has now a comfortable home, and is devoting her full time to being a housewife, is not such a change in circumstances as warrants a transfer of custody to her.

The rules which must guide us in the determination of the issue presented are not in dispute. The burden of proof is on the one seeking a change of custody to show by the preponderance of the evidence, not only that there has been a change of conditions, but also that the welfare of the child requires a change of custody by reason thereof. Birrittieri v. Swanston, Mo. App., 311 S.W.2d 364; Schumm v. Schumm, Mo.App., 223 S.W.2d 122. It is also our duty to review the whole record, and arrive at our own conclusion in the matter, but in performing this duty we must bear in mind that the findings of the trial court should not be lightly disturbed. In fact, such findings will ordinarily be deferred to, unless from a consideration of all the facts and circumstances it appears that said findings are in conflict with a clear preponderance of the evidence so as to disclose a manifest abuse of judicial discretion. Birrittieri v. Swanston, supra; Martin v. Martin, Mo. App., 160 S.W.2d 457; Baer v. Baer, Mo. App., 51 S.W.2d 873; Conrad v. Conrad, Mo.App., 296 S.W. 196; Lampe v. Lampe, Mo.App., 28 S.W.2d 414; Rone v. Rone, Mo.App., 20 S.W.2d 545; Salkey, Mo.App., 80 S.W.2d 735.

In our opinion, under the facts which we have set out in some detail, the trial court reached the correct decision in this case.

At the time of the divorce the defendant was in no position to take care of the child in question. It does not appear that she had any means of support other than by her own employment, and she did not have the time or facilities to properly care for the child. Under such circumstances the trial court properly awarded the custody of the child to the father. But at the present time those conditions no longer exist. Defendant has remarried and now has a good home where the child can receive all of the necessities of life as well as parental care. Defendant is not working and will be able to devote her entire time to the maintenance of the home and the care of her children. Such conditions are far superior to those under which the child now lives. At present the child is being cared for mainly by Betty Godier, a married woman, who divides her time between plaintiff's premises and her own home. For four days a week the child is cared for at plaintiff's home during the morning hours. In the afternoon he is taken to Mrs. Godier's home, and in the evening returned to plaintiff. Two days a week he is turned over to defendant.

In addition to the foregoing considerations it must be borne in mind that the child is of tender years and will greatly benefit by close association with his mother. As was said in Keith v. Keith, Mo.App., 95 S.W.2d 669, loc. cit. 672:

"In contests between parents for the custody of a child, the age of the child is an important matter to be considered; and if the child be one of tender years, it needs, above all else, the tender love and affection of a mother; and, if all else be equal, the child should be given into the custody of the mother."

In the case at bar there was no issue raised as to the fitness of the mother. Defendant's husband is steadily employed and earns enough to properly maintain the household. He testified that he liked the boy and was willing to assist his wife in taking care of the child if the court should see fit to transfer custody to her.

In our judgment the defendant has successfully carried her burden of proof in this matter and has established by the preponderance of the evidence that on account of changed conditions the best interests of the child require that his custody be given to defendant. The court did not err in sustaining defendant's motion to modify.

The trial court in its judgment failed to authorize defendant to remove the child out of the jurisdiction of the court to Cahokia, Illinois, where defendant contemplated moving. In our opinion the best interests of the child would be served by permitting such removal. Therefore, the judgment is modified accordingly, and as modified is affirmed.

WOLFE, P. J., and O. P. OWEN, Special Judge, concur.

RUDDY, J., not participating.