Irene Agnes DUPREE, (Plaintiff) Appellant,

v.

A. J. DUPREE, (Defendant) Respondent.

No. 30957.

St. Louis Court of Appeals.
Missouri.
May 15, 1962.

Frank Mashak, St. Louis, for appellant.

William L. Weiss, William L. Mason, Jr., St. Louis, for respondent.

**HARRY A. HALL, Special Judge.**

This is an appeal from an order denying appellant's motion to modify a custody decree entered in a divorce action wherein movant requested permission of the court to remove her minor daughter from Missouri to California.

The second marriage of the parties ended March 2, 1954, when appellant received a divorce and the custody of Brenda Ann, their five-year-old daughter. Respondent was given temporary custody of Brenda on alternate weekends and one month during the summer. On March 1, 1960, appellant moved to modify the decree by increasing the child support allowance from $12.00 to $17.00 per week, which the court granted, and for permission to remove the child to California, which the court denied.

Appellant is regularly employed, earning $62.00 per week, and she and Brenda live comfortably in a duplex with appellant's mother, who is also regularly employed and contributes one-third of the expenses. Brenda, now 12 years old, attends school and stays with the lady downstairs when her mother and grandmother are not at home. Appellant testified that she wanted to move to California for employment but could not name any company which might employ her, and she had no definite offers of employment or any family connections in California. Her mother was not going to California but was remaining in St. Louis.

Respondent has remarried and regularly has Brenda every other week as provided in the decree, except when Brenda is ill or has some conflict with her school affairs. There was no evidence that Brenda was not getting along well in school or at home, and no reason for appellant's request to take her to California other than appellant's desire to find employment there.

■ Under the law, minor children of divorced parents become wards of the court, which has the duty of ascertaining

the best interests of the child, and of necessity the court is vested with a broad discretion in all matters pertaining to the child's welfare. Schumm v. Schumm, Mo. App., 223 S.W.2d 122; Baer v. Baer, Mo. App., 51 S.W.2d 873.

 It is equally well settled that one who seeks to change custodial provisions has the burden to prove that such change is necessary for the child's best interests. Noble v. Noble, Mo.App., 341 S.W.2d 307; Schumm v. Schumm, supra.

The courts encourage the continued interest, love and affection of the divorced parents for the child, and strive to afford the child ample opportunity to have close contact with both parents as it grows up. Perr v. Perr, Mo.App., 205 S.W.2d 909; Baer v. Baer, supra.

Ordinarily the court will not permit the removal of a child to another jurisdiction because of the difficulty of enforcing subsequent orders deemed necessary for a child's welfare, but where it clearly appears that such removal is for the best interests of the child, it is readily granted. Simmons v. Trenter, Mo.App., 327 S.W.2d 936; Richards v. Hayes, Mo.App., 320 S.W.2d 65; Baer v. Baer, supra.

Under the facts herein, we find that it is clearly in the interest of Brenda Ann that she remain in this jurisdiction where she can continue to see and be with both parents, and appellant has not shown any compelling reason otherwise.

Appellant's contention that the court's refusal to permit her to remove the child to California is an illegal restraint of appellant's liberty is as groundless as it is novel. No cited authority supports such contention, and, obviously, appellant's liberty is not affected by the court's requirement that the ward remain in Missouri. If meritorious, the constitutional question was not raised at the first opportunity and was therefore waived. City of St. Louis v. Moore, Mo.App., 288 S.W.2d 383.

The allowance to appellant of an attorney's fee of $50.00 was within the discretion of the court, and we find no error in this respect.

The judgment of the trial court is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.