Donald Berten BENJAMIN, (Plaintiff) Respondent,

v.

Betty Jean BENJAMIN, (Defendant) Appellant.

No. 31442.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

Joseph J. Dolgin, O'Connor, Dolgin & Godfrey, and John P. Ossenfort, Clayton, for appellant.

Walter M. Clark, Bruce E. Woodruff, Richard J. Sheehan, Armstrong, Teasdale, Roos, Kramer & Vaughan, St. Louis, for respondent.

L. F. COTTEY, Special Commissioner.

Appellant-wife and respondent-husband have been twice married and twice divorced. The decree entered on the latter occasion, September 24, 1958, awarded to appellant the custody of the couple's two children, Deborah and Michael, aged five and three, respectively. The parties themselves were in their middle twenties at the time. Three years after the divorce respondent filed a motion to modify the decree to the end that the custody of the children might be awarded to him. In the meantime each of the parties had married again, each had begun the rearing of a new family, and each was maintaining an adequate home. Respondent's motion particularized three basic complaints against appellant: 1st, her general indifference to the physical and moral well-being of the children; 2nd, her refusal to accord respondent the unhindered enjoyment of his rights of visitation with the children; and 3rd, her continuing neglect of an orthopedic defect with which young Michael had been afflicted since birth. Appellant's answer was a general denial of the charges. The trial below resulted in an order sustaining the motion and awarding the custody of the children to respondent. This appeal followed.

Appellant makes five assignments of error, although not in the order in which we shall discuss them.

Point 1: That there was no sufficient showing of a change of circumstances occurring since the entry of the original decree to warrant any modification of its custody provisions, and no sufficient showing that the children's welfare would be prompted by transferring their custody to respondent. We readily agree with appellant that respondent has the burden of proving both of those issues. Simmons v. Trenter, Mo.App., 327 S.W.2d 936, 939; Samland v. Samland, Mo.App., 277 S.W.2d 880, 881; Montgomery v. Montgomery, Mo. App., 257 S.W.2d 189, 196. And, after examining the record, we conclude that he has done so. The litigation was carried on for the space of approximately a year with evidence being received on three separate occasions during that period. The record of it runs to some 200 pages. It is principally related to that period of time between the date of appellant's divorce and her marriage to her present husband insofar as her alleged indifference to the children's moral environment and general welfare is concerned, but it goes beyond the latter date insofar as her alleged obstruction of respondent's visitation rights is con-

**642**

cerned and to the extent that it bears on the charge that she has imperiled Michael's health by her persistent neglect of his orthopedic problem. The testimony follows the familiar pattern of accusation and denial, crimination. and recrimination, all in irreconcilable conflict. We think no useful purpose can be served by recounting it here to the further embarrassment of the parties and their families. Suffice it to say that the issue can only be resolved by attributing the virtue of veracity to one set of witnesses and denying it to the other. If respondent's evidence is to be believed, then he has substantially supported the principal grounds of his motion and has established both a material change of circumstances and the likelihood that the award of the children's custody to him will be in their best interests. We are unable to say that the trial court abused its discretion in reaching that conclusion. The applicable rule for our guidance in this situation is stated in Birrittieri v. Swanston, Mo.App., 311 S.W.2d 364, 367, in this language: "In the case at bar, the trial court heard the evidence. He saw the parties and had an opportunity to form an opinion regarding their character and fitness. In such a situation, the finding of the trial judge should not be lightly disturbed. In fact, such finding should be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence and discloses a manifest abuse of judicial discretion." To the same effect, see: Long v. Long, Mo.App., 280 S.W.2d 690, 694, and Shapiro v. Shapiro, Mo.App., 238 S.W.2d 886, 889, et seq. We must, therefore, rule this point against appellant.

Point 2: That the court erred in denying appellant the opportunity to qualify her daughter, Deborah, as a witness to testify on her behalf. That problem arose and was disposed of in this manner: On the last day of the trial Deborah was present in court. She was then eight years and ten months old. Appellant called her as a witness and offered to qualify her by showing, presumably, that she was "capable of receiving just impressions of the facts" and "of relating them truly," thereby avoiding the interdiction of Sec. 491.060. The court refused to permit it, declaring it to be "a matter within this court's discretion." He added, however, "I will permit either of these young children, either Deborah or Michael, if it is desired, to talk alone in chambers with me." Counsel for respondent approved that proposal. Counsel for appellant inquired whether a reporter would be present so that the examination in chambers would be preserved in the record and, upon being informed that none would be, asked and was granted leave to consult with his client. A recess was thereupon declared. The record is silent as to the details of what happened during the recess, but upon resumption of the trial the court announced that during the recess he had talked privately to Deborah in chambers. He did not divulge what was said in the course of that private examination. His ruling as to the witness's incompetency, however, remained unchanged.

Sec. 491.060 does not render a child under ten years of age absolutely incompetent as a witness, but only inferentially so. The adverse inference arising from his youth may be dispelled by a showing that he has "'(1) Present understanding of or intelligence to understand, on instruction, an obligation to speak the truth; (2) mental capacity at the time of the occurrence in question truly to observe and to register such occurrence; (3) memory sufficient to retain an independent recollection of the observations made; and (4) capacity truly to translate into words the memory of such observations.'" Baker v. Baker, Mo. App., 319 S.W.2d 11, 16. Thus it is the duty of the trial court to determine whether a child is competent before permitting it to testify, State v. Groves, Mo., 295 S.W. 2d 169, 172, and by the same token it is equally his duty to determine by a proper voir dire examination, that the child is incompetent before precluding it from testifying. Litzkuhn v. Clark, 85 Ariz. 355, 339

P.2d 389, 392; People v. Delaney, 52 Cal. App. 765, 199 P. 896, 900.

We conclude that the trial court's refusal to permit appellant to attempt to qualify Deborah as a witness was error, and not the less so because of his well-intentioned examination of the child in chambers, for that examination dehors the record is tantamount, in legal contemplation, to no examination at all, there being no means by which it can be judically noticed or reviewed, and the law, as we are anciently advised, having no more regard for things which do not appear than for things which do not exist. It does not follow, however, that the error is reversible in the light of the special circumstances that attended it in this case. This, for two reasons: In the first place, although the private examination of the child was a legal nullity, it was not a factual one. It did take place and it evidently satisfied the court that the child was not competent to testify. The point, however, is that it took place with appellant's full knowledge that it was to be conducted in chambers and off the record, but she made no objection to it, either before it began or after it was concluded. We can only regard her failure to object when the opportunity presented itself, either at the time the examination was proposed or at the time its result was announced, as a waiver of the claimed error. Brown v. Thomas, Mo.App., 316 S.W. 2d 234, 237. Indeed, it may be assumed that the examination was undertaken with appellant's approval, not only because she made no objection to it but because the court had proposed it only in the event "it is desired," and we cannot suppose that it would have been conducted contrary to her desire. In that case the error would have been invited. "It is too well settled to require citation of authorities that a party will not be heard to complain of alleged error in which, by his own conduct at the trial, he joined or acquiesced." Taylor v. Cleveland, C., C. & St. L. Ry. Co., 333 Mo. 650, 63 S.W.2d 69, 75. And in the second place, at no time did appellant offer to show what Deborah's testimony would have been had she been permitted to give it. It was incumbent on appellant to make that showing. "Although the witness was erroneously ruled incompetent for all purposes, a reversal should not follow in the absence of an offer made as to what the witness would testify to, and such offer would have to show the testimony to be competent and material under the pleadings and issues in the case." Dempsey v. McGinnis, Mo. App., 249 S.W. 662, 665; Fowler v. Sone, Mo.App., 226 S.W. 995, 997. The point must be ruled against appellant.

Point 3: That the court erred in admitting the testimony of Witness Barnholtz on the question of Deborah's competency to testify. It is unnecessary to relate the testimony complained of, or to comment on it beyond saying that it was all admitted "subject to the objection" whereas it should all have been excluded upon the objection. In the light of our ruling on appellant's Point 2, however, the error is immaterial. This assignment is purely incidental to appellant's primary complaint of error in the court's ruling that Deborah was not a competent witness. As we have pointed out, appellant waived her objection to, or condoned, that ruling, and it follows that nothing which may incidentally have influenced it can rise to the dignity of substantial error. This point must likewise be ruled against appellant.

Points 4 and 5: These assignments, which we shall consider together, both relate to a so-called "child study report" prepared by Witness Barnholtz, a social worker attached to the Court of Domestic Relations. The report is a 23-page gallimaufry of hearsay conversations with the parties and the children and other relatives, the investigator's personal opinions as to their attitudes and behavior, and a variety of sociological pronouncements and psycho-analytical evaluations, from which the conclusion is reached that "the children are emotionally deprived and neg-

**644**

lected" and "it would be in the best interests of Deborah and Michael Benjamin to be placed in the custody of their father." Appellant complains (a) that there is no statutory authority for the preparation of such a report in cases of this kind, and (b) that it is hearsay. We agree. It is pure hearsay, and not only is there no statutory authority for its preparation, we think its reception could not be countenanced as an exercise of the court's inherent equitable powers. But appellant's objection to it is made for the first time in her motion for new trial. She stood mute when the investigation was ordered, co-operated in it to the extent of submitting without protest to interrogation by the investigator, and made no complaint when the report was filed. Her present objection comes too late. Nevertheless, if the record disclosed that this case had been decided on the strength of that report we would seriously consider whether we ought not reverse it in the exercise of our discretionary powers under Rule 79.04, V.A.M.R. But the record does not warrant that conclusion. When the report was offered in evidence it was summarily excluded on appellant's objection. Miss Barnholtz, when she was on the witness stand, was not interrogated with respect to the contents of the report, or as to any incident related or any conclusion expressed in it. The evidence introduced at the two hearings held prior to the preparation of the report warranted the judgment without regard to the report. The judgment itself makes no reference to it. The court read it, of course, but the only indication that he "considered" it at all lies in the fact that he made a reference to it in his memorandum opinion, and then only to the extent of saying that it "confirmed the court's view of the evidence adduced at the hearings" held previously. Whatever confirms an opinion already reached cannot be said to have induced it. We are unable to say, therefore, that the report prejudiced any substantial right of appellant's. Accordingly, we rule Points 4 and 5 against her.

It follows that the judgment should be affirmed.

The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by COTTEY, Special Commissioner, is adopted as the opinion of the Court.

The judgment is accordingly affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.