**In re the MARRIAGE OF Billy WOLF, Plaintiff-Respondent,**

**and**

**Viola L. Wolf, Defendant-Appellant.**

**No. KCD 28451.**

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

McMullin, Wilson & Schwarz, Kansas City, for defendant-appellant.

John C. Milholland, A. J. Anderson, Harrisonville, for plaintiff-respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

The parties were granted a divorce and, upon the open consent of the mother, the custody of the girl child Michele, then three years of age, was awarded to the father. Two years later the mother petitioned that the custody of the child be given her on the change of condition of her remarriage. The trial court denied the request and this appeal follows.

 There is no serious contention in the evidence that the custodial care of the father fell short in care, affection, or attention to her physical needs. In fact, there is no doubt that he clothed her, fed her, led her to church and school, and was in the most tender way also a surrogate mother. The complaint here is that on three occasions the father took to his bed a woman—not his wife—in a resort cabin which the child shared. The evidence is ambiguous whether the intimacy was displayed in the presence of the child. The judgment of the trial court implies a finding contrary to the contention which assumes such conduct by the father. There is no reason to disturb that finding.

The basic point attempted is that the father is morally unfit for custody of the daughter because inquiry whether the conduct described "would teach the child bad morals or be bad for her emotional or men-

tal health" he responded: "No, I don't think it upset her at all." The inquiry, however, presupposed that the child witnessed the intimacies, a contention which the judgment of the court resolves contrarily. It poses an hypothesis not raised by the evidence. The father acknowledged that such conduct would not be proper, and it is to be believed, he does and will comport himself accordingly. The finding of the court that the father remains fit for custody is supported by substantial evidence.

Nor has the mother proved change of condition other than remarriage. She and her present husband, a Navy careerist, will presently move to California under orders. They offer the child the benefits which attend governmental service; pleasant quarters, schools and medical attention. The child, however, already enjoys the fulfillment of these needs. The new husband acknowledges that the child is presently well cared for, but sees the need for more discipline. The evidence shows, however, that the child is happy, healthy and well-adjusted, and no cause for additional discipline appears. The finding of the trial court that no change of condition was proved is supported by the evidence.

A fuller opinion in this case would have no precedential value; the judgment is affirmed under Rule 84.16.