**In re the MARRIAGE OF L——,**
**Petitioner-Respondent,**

**and**

**L——, Respondent-Appellant.**

**No. 28646.**

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Douglas J. Patterson, Kansas City, for respondent-appellant.

Sevier & Burnett, Roger Guy Burnett, Liberty, for petitioner-respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

PER CURIAM.

The husband takes issue with the decree entered in a dissolution of marriage proceeding. His grounds for doing so are two in number: (1) "The Trial Court Erred in Granting Care, Custody and Control of the Parties' Minor Children to . . . [the wife] . . . When All Relevant Factors Involved in a Child Custody Issue Including but Not Limited to § 452.375 R.S.Mo. Dictate that . . . [the husband] . . . is the Proper Custodial Parent"; and (2) "The Award of Maintenance to Petitioner . . . [the wife] . . . was Unreasonable, Unwarranted and Unjustified in Light of the Provisions of § 452.335 R.S.Mo. (Supp.1973)."

The wife moved for dismissal of the husband's appeal because his brief failed to contain a "fair and concise statement of the facts relevant to the questions presented for determination" and the "points relied on" failed to set forth "wherein and why" the decree was claimed to be erroneous, all as required by Rule 84.04(c), (d). There is merit to every facet of the wife's motion to dismiss the husband's appeal. This court would dismiss the husband's appeal for non-compliance with Rule 84.04, supra, were it not for the fact that custody of minor children is involved. In fairness to them, the imperfectly tendered issues will be reviewed.

Two minor children, a daughter, age 13, and a son, age 9, are the subject of conflicting custody claims of the parents. The trial court was faced with an onerous task in deciding which parent should be awarded custody. This case points up the truth of the old adage that "hard facts make hard cases". Each parent charged the other with various acts of moral unfitness as grounds for advancing his or her claim for custody of the minor children. The evidence in many respects is sordid in nature. However, sensationalism should be avoided in judicial opinions whenever possible; particularly so in a case such as this where indulging in it would serve only to whet the appetites of the insatiably curious. For this reason, the evidence in this case will not be set forth in detail.

█ The trial court was faced with an emotionally disintegrating family unit. Both parents and both children had undergone or were undergoing professional psychiatric care. The trial court found that the major transgression attributed to the wife by the husband was raised by inuendo, at best, and lacked any hard facts to support it. In most other instances the trial court had to rely upon its assessment of the credibility of the husband and wife to resolve basic conflicts in the evidence. Although certain isolated transgressions were admitted by the wife, the trial court had to weigh certain transgressions leveled by the wife against the husband, and denied by the latter, in the crucible of credibility. This court properly defers to the trial court's assessment of the credibility of the wife and the husband. *In re Marriage of B____ A____ S____*, 541 S.W.2d 762, 763 (Mo.App.1976).

█ The inexorable command to be obeyed when fixing custody is that the welfare and best interest of the minor children be served. Section 452.375, RSMo Supp.1973; *In Interest of B. B.,* 537 S.W.2d 682, 684 (Mo.App.1976); and *In re Marriage of Powers,* 527 S.W.2d 949, 952 (Mo.App.1975). Although susceptible of easy and succinct expression, insuring compliance is fraught with difficulty. Many intangibles emerge during trial bearing upon the custody of minor children which a sterile, printed record is many times incapable of reflecting—parental love and affection, and genuine concern for the children, as opposed to merely salving the pride of an individual parent—thereby making it necessary to repose great confidence in the trial court's determination as to what serves the welfare and best interest of the minor children involved. *E____ (S____) v. E____,* 507 S.W.2d 681, 684 (Mo.App.1974). The standard for appellate review of the trial court's order awarding custody of the minor children to the wife in this case is found in Rule 73.01 and clearly explicated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976): "[A]ppellate 'review * * * as in suits of an equitable nature,' as found in Rule 73.01, is construed to mean that the decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." When the record in this case is so reviewed, albeit with cognizance that neither parent was a paragon of parental perfection, it cannot be said that the trial court's order awarding custody of the minor children to the wife lacked substantial evidence to support it, erroneously declared or erroneously applied the law, or that "a firm belief" exists that it was against the weight of the evidence.

█ The wife was awarded $250.00 per month as maintenance "until further order of the court". According to the uncontroverted evidence, basic monthly living expenses for the wife and two minor children totaled $1,003.76. Although the wife was awarded $450.00 per month child support, the combined total of the maintenance and child support fell short of meeting the basic monthly needs of the wife and children.

The wife lacked any vocational training. Her formal education terminated when she finished high school. The husband estimated his monthly living expenses to be $780.00. His net monthly take-home pay was $1,635.18. After deducting his estimated monthly living expenses, a balance of $855.18 is left from which to pay the $250.00 monthly maintenance and the $450.00 monthly child support. Marital property apportioned to the wife was relatively insubstantial in value when measured by present day inflationary standards; concerning separate property, the wife had $600.00 in travelers' checks. Section 452.335, RSMo Supp.1973, prescribes two conditions precedent for granting maintenance and certain criteria for determining the amount to be awarded once the conditions precedent are found to exist. The order of the trial court awarding $250.00 per month to the wife for maintenance, both as to the existence of the two conditions precedent and the criteria considered in determining the amount awarded, is likewise subject to appellate review in accordance with the standard set forth in *Murphy v. Carron,* supra. So reviewed, it cannot be said that the order of the trial court failed to comport with or deviated from Section 452.335, supra.

Judgment affirmed.