**In re the MARRIAGE OF Aline Denise BUSSMAN (now Aline Denise Haley), Petitioner-Appellant,**

**and**

**William J. Bussman, Respondent.**

**No. KCD 29607.**

Missouri Court of Appeals, Kansas City District.

Oct. 2, 1978.

Robert G. Smith, Brookfield, for petitioner-appellant.

Robert F. Devoy, Brookfield, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

The mother (appellant) of two minor children, a boy and girl whose ages, respectively, are five and six, has appealed from an order of the trial court denying her request that an original custody decree which gave the father (respondent) custody of the minor children be modified and that custody of said minor children be transferred to her.

The mother takes the position that the trial court erred in not transferring custody of the two minor children to her because (1) a "change of circumstances" has occurred since the original decree was entered in that she has now remarried and is capable of taking care of the children and the father has now remarried and "moved the children from his parents' home where . . . [they] had been staying", and (2) because "the children are of tender years and their best interests would be served by being placed with their mother".

The evidence fairly lends itself to being briefly recapitulated as follows: Both the mother and father have remarried, since her remarriage the mother is physically situated to provide a suitable home for the children, no aspersions were cast on the father or on his newly acquired spouse, the two children are healthy, normal, happy, well provided for and properly taken care of by the father, and the general atmosphere surrounding the children, before and after the father's remarriage, remains essentially the same except for the added factor of a surrogate mother in the home.

■ Sec. 452.410, RSMo Supp. 1975, addresses the matters to be considered when modification of a prior custody decree is sought: "The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." As judicially applied, the change of circumstances must be of such a nature that the best interests of the child will be served by modifying a prior custody decree. *Clouse v. Clouse,* 545 S.W.2d 402 (Mo.App.1976). The remarriage of a parent, standing alone, is not a sufficient change of circumstances to justify modification of a prior custody decree. *In re Marriage of Wolf,* 542 S.W.2d 615 (Mo.App. 1976). The natural inclination to award custody of children of tender years to their mother was never meant to be indulged to the extent of excluding all other relevant matters from consideration. *R.____ G.____ T.____ v. Y.____ G.____ T.____,* 543 S.W.2d 330 (Mo.App.1976); and *Johnson v. Johnson,* 526 S.W.2d 33 (Mo. App.1975).

■ The inexorable command to be observed when considering a transfer of custody of minor children via modification of a prior custody decree is that the best interests of the minor children be served. Sec. 452.410, supra. What was said by this court in *In Re Marriage of L____,* 548 S.W.2d 262, 263 (Mo.App.1977), regarding the initial placement of custody of minor children, is apropos to this case: "Many intangibles emerge during trial bearing upon the custody of minor children which a sterile, printed record is many times incapable of reflecting—parental love and affection, and genuine concern for the children, as opposed to merely salving the pride of an individual parent—thereby making it necessary to repose great confidence in the trial court's determination as to what serves the welfare and best interest of the minor children involved." The trial court may well have concluded, and properly so, that there was nothing to gain, but much to lose, by putting the minor children through the trauma of relocation.

As noted in *Randle v. Randle,* 560 S.W.2d 876 (Mo.App.1977), the standard for appellate review of this matter is found in Rule 73.01 as clearly explicated in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). When the record in this matter is so reviewed, it cannot be said that the trial court's order denying the mother's request for transfer of custody lacked substantial evidence to support it, erroneously declared or erroneously applied the law, or that "a firm belief" exists that it was against the weight of the evidence.

Judgment affirmed.

All concur.