**Gerald F. WELLS, Appellant,**

v.

**Gail Ann WELLS, Respondent.**

**No. 42499.**

Missouri Court of Appeals,
Eastern District.

July 7, 1981.

Anthony J. Sestric, St. Louis, for appellant.

Patrick James Fraley, Valley Park, for respondent.

SIMON, Judge.

This is an appeal from an order of the trial court overruling father's motion to modify the custody provision of a decree of dissolution.

Father's appeal is based on two contentions: First, father contends that the trial judge conducted an improper "in chambers" interview with the parties' eight year old son; second, father contends that the trial court's order was not supported by substantial evidence and was against the weight of the evidence. We conclude that neither of these contentions have merit and therefore affirm the order of the trial court.

The basic facts of this case are relatively straightforward. The parties were divorced on May 25, 1976. Custody of the son was granted to mother. Father was given temporary custody one night per week, one weekend per month and two weeks during the summer. In December of 1976, mother remarried.

On September 6, 1977, father filed a motion to modify the custody provisions of the dissolution decree alleging that son had been subjected to and the victim of physical abuse and beating by mother and stepfather and that this "abuse and beating" constituted substantial and material changes in circumstances affecting the life, safety and well-being of the child.

On June 20, 1978, the trial judge conducted a hearing on the merits of father's motion. As is usually the case in child custody proceedings, much of the key testimony was in conflict. Although both mother and stepfather admitted to using physical punishment on son, they testified that the bruises that had alarmed father and maternal grandmother had resulted from son's participation in sports. Stepfather admitted to having once accidentally knocked the heads together of son and his daughter by a previous marriage. He denied ever using excessive force on son.

The only expert testimony was provided by two of father's witnesses: a professional social worker and a psychiatrist. The social worker testified that her study of father's home revealed it to be a suitable environment for son. Although she recommended a transfer of custody to father, she testified that she had not evaluated the suitability of mother's home.

The psychiatrist presented expert testimony based on a lengthy talk with father and a forty minute interview with son. He did not talk with mother or stepfather. He testified that son had lost weight as a result of anxiety and fear. However, mother and stepfather testified that son had lost weight as a result of a diet and exercise program recommended by the family's physician. The psychiatrist testified that in his opinion custody should be transferred to father giving mother visitation rights.

Father's first assignment of error is that the trial judge erred in the manner in which he conducted an in chambers interview of son. Specifically, father claims that:

(a) The court's questions were designed to elicit answers tending to accentuate the child's well-being and negate the necessity for a change in custody for his best interests; and

(b) On several occasions the court answered its own questions to the minor child rather than allowing the child to answer for himself; and

(c) The court either apparently did not hear or ignored some answers made by the minor.

After a thorough examination of the trial transcript we conclude that father's contentions are without merit.

■ At the hearing on the motion, father's attorney suggested "that the lawyers be excused and the Court be allowed to visit with the child." The judge rejected this suggestion and instead interviewed the son in the presence of both lawyers. Throughout the judge's questioning of son there was ample opportunity for either attorney to object to the questions. Father's attorney failed to make any objections before, during or after the examination. Thus, any error in the examination was waived by father's attorney's failure to object. *Benjamin v. Benjamin*, 370 S.W.2d 639, 643 (Mo.App. 1963). In *Benjamin* our court stated, "[w]e can only regard [appellant's attorney's] failure to object when the opportunity presented itself, either at the time the examination was proposed or at the time its result was announced, as a waiver of the claimed error." *Id.*

■ The standard for interviews conducted by judges in custody matters was enunciated in *In re Marriage of B_____ A_____ S_____*, 541 S.W.2d 762 (Mo.App. 1976). Our court stated, "[i]t is incumbent on the trial court conducting interviews . . . to avoid the role of advocate. Impartiality is an indispensable ingredient and the vulnerable child must be protected from any sign of bias." *Id.* at 766. Our reading of the trial judge's interview discerns no evidence of advocacy, partiality or bias. It appears that the judge merely attempted to draw out the relevant facts in a friendly non-threatening manner.

Father's second assignment of error is that the trial judge's decision is not sup-

ported by substantial evidence and is against the weight of the evidence.

It is well established that appellate courts "will not disturb the trial judge's custody order unless it is clearly erroneous and the welfare of the child requires a different disposition." *In re Marriage of Powers*, 527 S.W.2d 949, 952 (Mo.App.1975). The resolution of all factual questions presented by a motion to modify custody provisions is within the sound discretion of the trial court. The findings of the trial court "should be deferred to unless [they are] in conflict with the clear preponderance of the evidence and [they] disclose a manifest abuse of discretion." *E.C.S. v. J.D.L.*, 529 S.W.2d 423, 425 (Mo.App.1975). We will set aside a decree of the trial court only on the ground that it is "against the weight of the evidence" when we have "a firm belief that the decree . . . is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Credibility is for the trier of fact and we may not substitute our judgment for that of the trial court. *In re Marriage of Powers*, supra at 952; Rule 73.01(c)(2). The trial judge, as a trier of fact in custody cases, has the duty to weigh all of the evidence. Here the record shows that the trial judge heard the testimony of the expert witnesses and properly evaluated their opinions. It was not an abuse of the trial judge's discretion for him to find contrary to the opinions of the experts.

Nor was it an abuse of discretion for the trial judge to rule contrary to the custodial preference of son. The established rule in custody matters is that the preference of minor children is one of several factors entitled to some consideration. However, a child's preference is overridden when, in the opinion of the trial judge, the child's preference is not in his or her best interests. *Schmidt v. Schmidt*, 591 S.W.2d 260, 263 (Mo.App.1979); *Engler v. Engler*, 455 S.W.2d 36, 41 (Mo.App.1970).

Although the record indicated some change in circumstances, such as the mother's remarriage, father failed to show that the change was of such a nature to warrant the modification of the prior custody decree in order to serve the best interests of the child. *In re Marriage of Bussman*, 572 S.W.2d 228, 229 (Mo.App.1978). Father's evidence that he now lives in a larger house and has more room for his son is not evidence of a substantial change in circumstances in light of the stability provided by mother's home. Father's allegation that stepfather had regularly used physical violence to punish son lacks evidential support. Although there was conflicting testimony on this general point, it seems clear that there were no instances of excessive violence and only a few instances of the use of physical discipline. Based on our review of the record, it is clear that father has failed to prove that there has been a change in circumstances affecting "the welfare of [the child] to a substantial and material extent, and that alteration of that decree would be in the child's best interests." *Wheeler v. Wheeler*, 479 S.W.2d 505, 507 (Mo.App.1972).

The trial court's order overruling father's motion to modify was not lacking substantial evidence to support it and the trial court did not erroneously apply or declare the law.

Judgment affirmed.

SATZ, P.J., and SMITH, J., concur.