**In the Matter of K. E. S., Jr., and K. J. S., D. E. K. and D. L. K., Petitioners-Respondents,**

**v.**

**K. E. S., Respondent-Appellant.**

**No. 43820.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 29, 1981.

Lawrence O. Willbrand, St. Louis, for respondent-appellant.

Paul A. Grana, Timothy B. Brassil, Guardian ad Litem, St. Louis, for respondent.

KELLY, Chief Judge.

This is an appeal from a judgment of the Juvenile Division of the Circuit Court of the City of St. Louis granting petitioners' prayer for the adoption of two minor children, K.E.S., Jr., nine years of age, and K.J.S., six years of age. Appellant is the natural father of the children and respondents are the natural mother of the children and her husband whom she married sometime after divorcing appellant.

Appellant would not consent to the adoption and respondents' petition for adoption alleged, among other things, that appellant had, for a period in excess of one year immediately prior to the filing of the petition for adoption, willfully neglected to provide the minor children with proper care, maintenance and support, although being financially able to provide such care, maintenance and support, § 453.040(4) V.A.M.S., and while legally obligated to provide such care, maintenance and support by the terms of a Dissolution Decree of the Circuit Courts of St. Louis.

■ The judgment of this Bench tried case is reviewable under the provisions of Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The judgment in our opinion is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law.

■ Appellant's contention that the trial court erred in not considering anything which transpired prior to March 11, 1979,[1] is without merit because the record does not support this conclusion, and it was appellant's trial counsel who initially objected to any evidence of matters prior to that date and continued to do so throughout the evidentiary proceedings. On each occasion her objection was sustained and if it was error to refuse admission into evidence matters predating March 11, 1979, or in the failure of the trial court to consider same, it was invited error and appellant cannot complain

by reason thereof. *Benjamin v. Benjamin,* 370 S.W.2d 639, 643[11] (Mo.App.1963).

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

---

1. This is the date on which the one year period of willful neglect mentioned in § 453.040(4) V.A.M.S. commenced running, petitioners having filed their petition for adoption on March 11, 1980.