In re the **ADOPTION OF** H____ and A____.

P____ D____ P____ and K____ L____ P____, Petitioners-Appellants,

v.

R____ V____, Respondent.

No. 14297.

Missouri Court of Appeals, Southern District, Division One.

July 7, 1986.

John Wm. Ringer, Powell, Ringer and Bischof, Dexter, for petitioners-appellants.

No appearance, for respondent.

PREWITT, Chief Judge.

Appellants filed a petition seeking to adopt two sisters, now ages nine and six. The girls' parents were divorced in 1981 with the mother receiving custody of them. The father received visitation rights and was to pay child support. The mother consented to the adoption. The father did not, and contested their adoption.

Appellants are the brother and sister-in-law of the girls' mother. Appellants' petition alleged that the father willfully abandoned the children and substantially and continuously neglected to provide them with necessary care and protection for a period of at least six months immediately prior to the filing of the petition.

On September 16, 1985, following a hearing, the trial court denied the petition. The court found that appellants "failed to sustain their burden of proving that the father, ... for a period of at least six months immediately prior to the filing of the Petition for Adoption either willfully abandoned the children or willfully, substantially and continuously neglected to provide them with necessary care and protection."

Appellants contend that the trial court's ruling is against the weight of the evidence. They contend that willful neglect by the father is established, as during the six-month period immediately preceding the filing of the petition the father had the financial ability to provide child support for the children, and although subject to a court order to do so, had not made any child support payments since 1982, except for a payment in 1983, when the Child

Support Enforcement Unit intercepted his income tax refund.

The trial court's determination is reviewable under Rule 73.01, as interpreted in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *In re K.E.S.,* 623 S.W.2d 62, 63 (Mo.App.1981). Under *Murphy v. Carron,* appellate courts "should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." 536 S.W.2d at 32. Here, we have a firm belief that the judgment was wrong.

Section 453.040, RSMo Supp.1984, states that the consent to an adoption is not required of

(4) A parent who has for a period of at least six months, for a child one year of age or older, or at least sixty days, for a child under one year of age, immediately prior to the filing of the petition for adoption, willfully abandoned the child or, for a period of at least six months immediately prior to the filing of the petition for adoption, willfully, substantially and continuously neglected to provide him with necessary care and protection;*

Under § 453.040(4), RSMo Supp.1984, either willful abandonment or willful neglect will obviate parental consent. *In re Adoption of Baby Boy W.,* 701 S.W.2d 534, 545 (Mo.App.1985); *In re Adoption of Richards,* 624 S.W.2d 483, 485 (Mo.App.1981).

The amended petition on which the case was tried was filed November 28, 1984. Thus, the six-month period relevant here was from May 28, 1984, to November 28, 1984. The father testified that during 1984 he worked nine months and after taxes and other amounts were deducted, took home about $1,200 a month. He said that the income he showed on his 1984 federal tax return was "[a]bout fifteen to twenty" thousand. He testified that during 1983 he did not contribute any amount for support of his daughters H___ and A___, except

---

* The quoted portion of § 453.040 was eliminated. See § 453.040, RSMo Supp.1985. It was then reenacted verbatim as § 453.040(5), effective March 25, 1986, in an act with an emergency clause. See 2 Vernon's Missouri Legislative Service 1986, pp. 61–62.

an income tax refund which the government retained to apply against his past child support obligations. The father stated that he used his income to support himself, his new wife, her son, and a child born of his present marriage.

Even taking the father's testimony as true, it shows neglect of his daughters. *During the relevant six-month period, and for some time previous, the father made no financial contribution toward their support and did not visit them.* He testified that he called them on the telephone three times in 1984, "the last phone call was in September, around September." He claimed to have written the oldest daughter and to have given them both Christmas and birthday gifts. The youngest child's birthday is within the relevant six-month period. These slight acknowledgments of the children do not prevent neglect from occurring. Such token efforts do not atone for the lack of support or visitation during the relevant period. See *Adoption of Mike and Russ,* 553 S.W.2d 706, 709 (Mo.App. 1977).

In his testimony, the father acknowledged that he had neglected his daughters. *The record shows that while he was questioned by the trial judge the following occurred:*

Q. Mr. Vaughn, you have admitted you made no child support payments to anybody since '82. Now, my question is: You voluntarily are supporting a child that is not yours, but you have made no payments since '82 for your own children. Can you explain that?

A. There is really no way I can explain that, except what I just told you. I support this child I've got now by this other woman, because what would I be like if I just told her, "Well, I'll marry you but I'm not going to take care of your child." I mean that ain't right, just because I've got two more by another marriage doesn't mean I should neglect this child, also.

We are firmly convinced that appellants sustained their burden of showing that the father willfully, substantially, and continuously neglected to provide his daughters with necessary care and protection for the six months preceding November 28, 1984.

The judgment is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

TITUS, P.J., and GREENE, J., concur.