Gloria V. JOHNSON, Petitioner, Appellant,

v.

Andrew JOHNSON, Jr., Respondent.

No. 36167.

Missouri Court of Appeals, St. Louis District, Division One.

May 27, 1975.

Motion for Rehearing or Transfer Denied Aug. 7, 1975.

14. *Fell v. Messeroff,* Fla.App., 145 So.2d 238 (1962).

Morris B. Kessler, Louis Gilden, St. Louis, for petitioner, appellant.

Ira M. Young, St. Louis, for respondent.

DOWD, Judge.

Action for dissolution of marriage and for custody of two minor children. Gloria Johnson, the appellant herein, appeals from that portion of the trial court's order which awards respondent the care and custody of the minor children of the marriage. Appellant contends that the trial court erred in (1) failing to consider the statutory guidelines in determining child custody; (2) failing to call as a witness the investigator who prepared the child custody report or to use the evidence produced by that report; and (3) the court abused its discretion in awarding custody to respondent. No challenge is made to the court's order dissolving the marriage.

Appellant's first point is that the court erred in failing to consider all the relevant statutory guidelines in determining the cus-

tody of the two minor children herein. The relevant statutory guidelines are found in § 452.375 RSMo 1973 Supp., V.A.M.S.:

"Factors to be used in determining custody of child

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved."

■ Appellant asserts that there is no evidence in the record that the court considered these factors in making its decision. To the contrary, we believe the record demonstrates substantial consideration by the court of the above factors. The first factor is the wishes of the parents as to the custody of the children. There was testimony by each of the parents relative to this factor. Their wishes as to custody were obvious. Secondly, while the court failed to consider the wishes of the children here, we do not find this failure to be error. Appellant contends it was error for the court not to interview the children as to their wishes. The children were six and four years old at the time of trial. No error can be predicated upon the trial court's failure to interview children of such tender years. *See Hild v. Hild,* 221 Md. 349, 157 A.2d 442 (1960), where it was held a child of seven years

was too young to have a rational preference. This principle is especially applicable in this case because by appellant's own testimony, the children were confused and unsure about what was going on between the parents. It would serve no good purpose to interview these children under these circumstances.

The third criteria is the interaction of the child with those persons who may significantly affect the child's best interests. Appellant argues the court did not have before it any evidence on this point. Again to the contrary, testimony was given by respondent's mother who supervises the children when respondent is at work. Testimony was also given regarding the woman who watches the children on those few occasions when respondent's mother is unable to do so. Respondent testified to his good relationship with the children, and this was confirmed by respondent's mother. We cannot say, based on this testimony, that the trial court did not consider the third guideline set out above.

■ The fourth criteria is the child's adjustment to his home, school and community. Testimony was given regarding the satisfactory relationship between the children and their teachers.[1] There was also testimony that respondent has had custody of the children during these proceedings and that the children were doing well in their current environment. This testimony was sufficient to show that the court considered the fourth criteria above. As to the fifth factor, that of the health of all the individuals involved, we are convinced that there was sufficient evidence in the record as to the health of all the parties, as well as the health of the children.[2]

Appellant's next point relied on is that the court abused its discretion in not calling the investigator who prepared the child cus-

---

1. The youngest child is in pre-school.

2. On oral argument, appellant seemed to be arguing that the court was required to make specific findings on these factors. We do not interpret the statute to so require. Had

that been the legislature's intention, it would have not have used the words "The court shall *consider* all relevant factors" as set out in § 452.375. It would have required a mandatory finding as to these factors.

tody report or the witnesses the investigator interviewed in making the report. The pertinent statute is § 452.390 RSMo 1973 Supp., V.A.M.S., which provides in part that the court "may order an investigation and report concerning custodial arrangements for the child." Also, the statute provides that any "party to the proceeding may call as witnesses the investigator and any person whom the investigator has consulted."

Appellant does not explain why she did not call the investigator or anyone involved in the investigator's report. Instead, appellant argues that the report must have contained material pertinent to the issue of child custody, material which the trial court must consider. Appellant does not indicate what additional information the investigator would have furnished had she been called. Appellant merely presents this court with the bare allegation that "the court, by the terms of the statute describing what such a report would contain, had knowledge that the report would be replete with material pertinent [to the award or custody]."

■ We find appellant's interpretation of the statute to be incorrect. Appellant's argument can be distilled to one sentence: once an investigation is ordered, it is an abuse of discretion for the court not to call the investigator and make use of the report. This construction clearly distorts the introductory sentence "The court *may* order an investigation and report." (Emphasis added). We do not interpret the statute to require the trial judge to make use of the report and call additional witnesses merely because he has elected to order such a report. This construction would ignore instances in which a report is merely duplicative of the evidence given at the hearing. Surely no one would argue that the statute requires the court to call the investigator when that testimony would be repetitious of the evidence already before the court. We simply hold that, absent more than just appellant's bare allegation that the investigator's report contained helpful information, the trial court does not abuse its discretion in failing to use a report once one is ordered.

Furthermore, appellant was at liberty to call the investigator and make full use of the report. As said in *Lutker v. Lutker,* 230 S.W.2d 177, 180 (Mo.App.1950), "The evidence upon this feature of the case [the issue of child custody] was unquestionably meager . . . The parties were at liberty to make whatever showing they desired, and the whole situation would seem to have been explored to the satisfaction of the court, which had the responsibility of deciding what the terms of its order should be."

Appellant next contends that the court erred in awarding custody to respondent, since the issues were not sufficiently developed for a judgment to be entered. Nine witnesses were called in this case. Testimony was given as to the health of the children, their education, the environment of the two possible homes for the children, the health and earning capacity of each parent, and the morals, character and temperament of each parent. We cannot say, on the record before us, that the issues involved in determining custody were so insufficiently developed as to require us to remand the case for a new trial. Appellant's authorities can be distinguished on their facts.

■ Appellant's last point is that the court erred in awarding custody of the children to respondent for the reason that the evidence does not demonstrate that custody with the respondent is in the best interests of the children. The trial court's findings on the matter of custody are not to be lightly cast aside and we will defer to those findings unless we are firmly convinced that the welfare of these children requires some other disposition. *C—— v. B——*, 358 S.W.2d 454, 461 (Mo.App. 1962).

Much of the testimony given by each party to this case was hotly disputed by the other side. It would serve no useful purpose to spread upon this record the attacks

made by each party as to the character and fitness of the other. "We can and should indulge the presumption that the trial court considered all the evidence and decreed the custody of the children by what it believed to be in their best interests and, in so doing, we must bear in mind that it was in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record." *E——— (S———) v. E———*, 507 S.W.2d 681, 684 (Mo.App.1974). (Emphasis theirs).

■ Appellant argues that the court erred in not indulging the presumption that a mother is better fit to have custody of a child of tender years. We agree that such a presumption exists, but we do not find it to be conclusive. Each case must be decided on its own facts. In *Brand v. Brand*, 441 S.W.2d 750 (Mo.App.1969), there was no evidence that either parent was unfit. The court awarded custody of the children to the father despite the presumption in favor of the mother's care.[3] The court held that where the evidence did not preponderate in favor of either party the trial court is vested with broad discretion in awarding custody under such circumstances.[4]

■ Here, the trial court awarded custody of the children (both boys) to the father, reserving alternate weekends, some holidays and part of the summer in the custody of their mother. This was in keeping with the rule of *M——— L——— v. M——— R———*, 407 S.W.2d 600, 604–605 (Mo.App. 1966), which held that children should have the benefit of two parents, but that frequent shifts of custody would be detrimental to the children's stability. Furthermore, this award was similar to the temporary

award under which the children were doing well. We are not convinced by the record that a different disposition as to the custody of these children would be in their best interests.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.

---

3. In *Brand, supra,* as in our case, neither parent was able to give total, undivided care to the children because both parents worked.

4. See also, *Lutker v. Lutker, supra,* at 180: "But infinitely more important than this is the spiritual value which this child—a little boy—may be expected to derive from such intimate personal contact with the father as the circumstances of the case may properly permit. In the formation of a boy's character, and in the development of the manly traits which distinguish the best of his sex, there is no substitute for the example which a worthy father may set for him."