**In re MARRIAGE OF Vermilia Kaye ROEDEL, Petitioner-Respondent,**

**and**

**James Lee Roedel, Appellant.**

**No. 38021.**

Missouri Court of Appeals,
St. Louis District,
Division One.

April 19, 1977.

---

4. The presumption of undue influence may be proved by circumstantial as well as by direct evidence. *Sweeney v. Eaton*, 486 S.W.2d 453, 455[1] (Mo.1972); *Wilhoit v. Fite*, 341 S.W.2d 806, 813[2] (Mo.1960).

Hale W. Brown, Kirkwood, for appellant.

Friedman & Fredericks, Harry Fredericks, Clayton, for petitioner-respondent.

DOWD, Judge.

Appellant, James Roedel, appeals from the trial court's modification of a child custody order.

Appellant's marriage to respondent, Vermilia Roedel, was dissolved on January 20, 1975. By consent, appellant was awarded primary custody of the parties' minor son, Jason. Respondent was awarded temporary custody of Jason 2 full weekends each month, a full week during the summer, and one week during the Christmas holidays. At the time the dissolution decree was entered, both parties lived in the St. Louis area.

Approximately eleven months after the original decree, respondent sought modification of the custody award after she moved to Columbus, Ohio. After hearing, the court modified the original custody order. Respondent was awarded temporary custody of Jason for 4 consecutive weeks during summer vacation, one week during Christmas vacation, and the third weekend in the remaining 10 months. It is contemplated that the 5 year old child would fly unattended to Columbus, Ohio to carry out the modified custody award. Respondent was to arrange transportation to and from Columbus, Ohio, giving reasonable notice to appellant, not less than 30 days notice in the case of the summer and Christmas visits. Appellant was ordered to pay $250.00 per year in the nature of child support for time Jason spent with his mother. Appellant was also ordered to pay $50 for each month respondent had actual custody of Jason, for transportation costs, not to exceed $600 per year.

On appeal, appellant argues that the modification of the original child custody order was erroneous for three reasons. Appellant alleges that the change in respondent's temporary custody was not based upon a substantial change in conditions since entry of the original decree and that the change was not in the best interest of the child. Further, appellant alleges that the court erred in ordering appellant to pay a portion of the child's transportation costs because respondent is responsible for creating the situation necessitating payment of transportation costs.

We first consider whether the court erred in modifying respondent's temporary custody award. In order to modify custody, the court must find that (1) a change in conditions has occurred since entry of the prior custody order and (2) a modification is necessary to serve the best interests of the child. § 452.410 RSMo Supp. 1973. We review the trial court's determination upon both the law and the evidence, giving due regard to the trial court's superior ability to judge the credibility of the witnesses; and we will sustain the trial court's determination unless it erroneously declares or applies the law, is not supported by substantial evidence, or is against the weight of the evidence. If the trial court erred, we enter such judgment as the trial court should have entered. *Blessing v. Blessing*, 539 S.W.2d 699, 702[1–2] (Mo.App.1976).

We believe that the trial court's modification of custody is not supported by substantial evidence and is erroneous. It is clear that conditions have changed since entry of the original custody order. Respondent has moved from St. Louis to Columbus, Ohio. However, we believe that the trial court's finding that the child's best interests are served by the modification permitting frequent trips to Columbus, Ohio is not supported by the evidence. In order to visit his mother under the modified decree, Jason, a five-year-old child, will have to fly unattended on a commercial airline, probably on a lay-over flight. The airline requires a waiver to be signed by the parent before accepting the unattended child. We cannot agree with the trial court that flying 12 times a year under these circumstances is in the best interest of a child of tender years. Such frequent flights will undoubtedly be disruptive and upsetting to a young child. The stability of the child is an important factor to consider in deciding custody issues. *Johnson v. Johnson*, 526 S.W.2d 33, 37[8] (Mo.App. 1975). The modification of respondent's temporary custody to permit Jason to fly

unattended to Columbus, Ohio the third weekend of 10 months of the year is not conducive to the stability of the child and is reversed.

However, we agree with the trial court that Jason's best interests are served by other portions of the order modifying respondent's temporary custody. No evidence was presented indicating that respondent is an unfit custodian, and it was admitted that Jason loves his mother. It is in the best interest of the child to receive the benefit of contact with both parents. *Johnson v. Johnson, supra.* Therefore, those portions of the modification order permitting Jason to visit his mother at Christmas and during summer vacation are affirmed. That portion of the trial court's modification order granting respondent temporary custody the third weekend of the remaining months of the year is affirmed provided that Jason does not fly unattended to Columbus, Ohio.[1]

Appellant also complains the trial court erred in requiring him to pay a portion of Jason's transportation expenses. Because the argument section of appellant's brief fails to develop his contention and because appellant cites no authority in support of this point, appellant's contention is deemed abandoned. *State v. Schulten*, 529 S.W.2d 432, 433[2, 4] (Mo.App.1975); *Bopp v. Spainhower*, 519 S.W.2d 281, 286[7] (Mo. banc 1975).

Nevertheless, the disposition made by this court on appeal requires an adjustment to the portion of the modification order requiring appellant to pay a portion of Jason's travelling expenses. Respondent testified that each trip to Columbus would cost approximately $100. The trial court ordered appellant to pay $50 toward Jason's transportation costs for each of the 12 scheduled visits actually made during each year. The order should be changed to require appellant to pay $50 toward Jason's transportation costs for the Christmas and summer visits.

The trial court is ordered to enter judgment consistent with this opinion.

CLEMENS, P. J., and SMITH, J., concur.

1. At the hearing, respondent admitted she would have to pay adult fares for Jason to fly to Columbus and that it would be "simple" for her to fly to St. Louis.