**James Michael ELFRANK, Respondent,**

v.

**Patricia Ann ELFRANK, Appellant.**

No. 41850.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 19, 1980.

John T: Yarbrough, Clayton, for appellant.

John Hammon, Hillsboro, for respondent.

REINHARD, Judge.

Wife appeals from that part of the court's order dissolving her marriage wherein custody of the parties' two young children was given to the husband.

She contends, on appeal, that the court erred in awarding the custody of the children because the order was against the weight of the evidence and that the court "placed undue and erroneous weight on the issue of appellant's [her] lack of moral fitness  . . . .."

■ There is a legal presumption that all factors being equal, it is in the best interests of a child of tender years to be in the custody of his mother. *Johnson v. Johnson*, 526 S.W.2d 33, 37 (Mo.App.1975). However, this presumption is not conclusive and each case must be decided on its own facts. *Id.*

Section 452.375, RSMo 1978 specifically provides: "The court shall determine custody in accordance with the best interests of the child." Thereafter, this section lists five factors to be considered but states that all relevant factors shall be considered. One factor not listed but historically considered to be a relevant factor is sexual misconduct. "Although sexual misconduct has frequently been held not sufficient in and of itself to deprive a mother of the custody of her child or children, her morals nevertheless remain a pertinent factor which can and should be taken into account in determining whose custody will serve the best interest of the child." *N.J.W. v. W.E.W.*, 584 S.W.2d 148, 150 (Mo.App.1979).

Here, there was substantial evidence of flagrant misconduct on the part of the wife. Among other damaging evidence, there was evidence of sexual intercourse in the presence of one of the children. Albeit, all of this was denied by the wife.

■ This kind of case presents the trial court with the difficult task of determining what is in the best interests of the child. In reviewing this case, we presume that the trial court reviewed all the evidence and awarded custody in the manner it believed would be in the best interest of the child. *L.H.Y. v. G.M.Y.*, 535 S.W.2d 304, 306 (Mo.

App.1976). This presumption is based on the trial court's "better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record." *L.E.(S.) v. J.A.E.*, 507 S.W.2d 681, 684 (Mo.App.1974). (emphasis original.)

 Here, the trial court was confronted with extensive evidence presented by both sides in a home study prepared by the Division of Welfare. Although we recognize that the court was confronted with conflicting evidence, a review of the record leads us to conclude that the court's order is supported by substantial evidence and is not against the weight of the evidence. Neither does it erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.