**In re MARRIAGE OF W.J.W.,**
**Petitioner-Respondent,**

**and**

**R.L.W., Jr., Respondent-Appellant.**

**No. 12579.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 28, 1982.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Nov. 17, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Arthur B. Cohn, Waynesville, for petitioner-respondent.

Dale H. Close, Richland, for respondent-appellant.

PER CURIAM:

This is a dissolution of marriage-child custody case. Ch. 452, V.A.M.S.

R——— and W———, respectively 34 and 29 years of age in 1981, were married on a date not disclosed by the record before us. One child, a girl seven years of age in 1981, was born of the union. The marriage was

dissolved April 23, 1981, by the Circuit Court of Phelps County. W___ was given principal custody of the girl while R___ was granted liberal custody rights during school holiday and vacation times and every other weekend. As a civil service employee in the hospital at Ft. Leonard Wood for eight and a half years before the dissolution, W___ had been the family breadwinner from 1976 to the date of dissolution because R___ was attending school during those years to earn a degree in civil engineering which he hoped to obtain in December 1981. Apparently because of this situation, the decree did not require R___ to pay W___ child support.

W___ married P___, a 15-year veteran of the U.S. Army with a E6 rating, on July 22, 1981. Shortly thereafter P___ received notice that he was to be transferred to the state of Pennsylvania to perform his army duties and W___ sought modification of the original decree to permit her to take the child to that location. R___ also sought to modify the decree by having principal custody of the girl awarded to himself. After trial on the motions to modify, the court nisi decreed, inter alia, that principal custody of the girl remain with W___ within the confines of the continental United States subject to R___'s right to see and visit with the child at her usual place of abode on all reasonable occasions and subject to R___'s right to have the girl's custody during similar school holiday and vacation times as previously provided. The decree further specified that the daughter's transportation expenses to and from custody were to be borne by the parent reclaiming custody from the other at the start and conclusion of the custody periods. R___ appealed claiming W___ had failed, in her burden of proof, to establish that the best interests and welfare of the child would be served by permitting her removal from the state and because W___'s action in filing for the modification constituted an attempt to frustrate his visitation rights and relationship with his daughter.

■ Albeit they tell themselves otherwise, in many unfortunate situations such as we have here, the parties are not primarily and genuinely concerned with the best interests of the child but rather with their own selfish desire to impose punishment upon the former spouse through legal deprivation of custody. Consequently, no trial court can ever hope to completely satisfy both parents in a custody proceeding and must decide for itself, based upon the evidence presented, how the best interest of the child will be better served.

■ Not as a presumption of law but as a recognized fact of life predicated upon human experience, it is generally seen that the mother of a girl of tender years is deemed better suited to care for the child. *In re Marriage of J— H— M—*, 544 S.W.2d 582, 584[1] (Mo.App.1976). While this is not an inflexible attitude, yet where the evidence, as in the present case, does not preponderate in favor of either party the trial court is vested with broad discretion in awarding custody. *Johnson v. Johnson,* 526 S.W.2d 33, 37[7] (Mo.App.1975). Moreover, decisions of trial judges in cases such as we have here will be sustained by an appellate court unless there be no substantial evidence to support it or unless it is against the weight of the evidence. The power of an appellate court to set aside a decree or judgment in a court-tried case on the ground that it is against the weight of the evidence should be exercised with caution and only when a firm belief exists that the decree or judgment is wrong. Rule 73.01, V.A.M.R.; *Murphy v. Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976); *Sassenrath v. Sassenrath,* 624 S.W.2d 77, 82[4, 5] (Mo.App. 1981). We harbor no firm belief the decision of the court nisi was wrong and therefore affirm the same.

All concur, except PREWITT, J., recuses.