**Mark Lawrence HARTIG,
Petitioner-Respondent,**

v.

**Pamela Sue HARTIG,
Respondent-Appellant.**

No. 52339.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 20, 1987.

Jack Ver Steegh, Clayton, for respondent-appellant.

D. Lee Burdette, Clayton, for petitioner-respondent.

REINHARD, Judge.

Wife appeals from those portions of a dissolution decree awarding primary custody of the parties' four minor children to husband and ordering the sale of a lot

which the court found to be marital property. We affirm.

The parties have four minor children. At the time of trial, the two girls were ages 10 and 8, the boys were ages 4 and 3. Husband and wife separated in September 1984. Prior to separation, wife, her supervisor Douglas Huck, and a group of co-workers occasionally would go out to bars after work at about 1:00 a.m. Huck also went with wife, the four children, a co-worker, and her child to the zoo. Wife started dating him shortly after the separation, and they began living together in April 1985. In September 1985, she gave birth to a daughter by him. At the time of trial in July 1986, she and Huck continued to live together in O'Fallon, Illinois, and intended to marry. Wife worked as a waitress from 5:00 p.m. until midnight or later, and Huck, who did not appear at trial or testify, took care of the children while she was working. They no longer have a common employer.

Husband was employed as a welder and was living with his mother in a house in south St. Louis at the time of trial. His job would permit him to care for the children on evenings and weekends, and his mother testified she would assist him in caring for the children.

Wife's principal point concerns the awarding of primary custody of the children to husband. She contends that the award to husband is against the weight of the evidence and that the court placed too much emphasis on her misconduct because there was no showing that her misconduct had an adverse effect on the children.

We should reverse a trial court's custody award only if we have a firm conviction that the judgment is wrong, that the decree had no substantial evidence to support it, that it was against the weight of the evidence, or that it erroneously declared or applied the law. *M.D.R. v.*

*P.K.R.*, 716 S.W.2d 866, 868 (Mo.App.1986). It has been said, "The trial court's findings on the matter of custody are not to be lightly cast aside and we will defer to those findings unless we are firmly convinced that the welfare of these children requires other disposition." *Johnson v. Johnson*, 526 S.W.2d 33, 36 (Mo.App.1975).

Although sexual misconduct may not be sufficient in and of itself to deprive a parent of custody of the children, morals are a pertinent factor to be taken into account in determining whose custody will serve the best interests of the child. *Elfrank v. Elfrank*, 605 S.W.2d 172 (Mo.App. 1980).[1] The record reveals that there were other factors besides mother's post-separation relationship that favored a finding that it was in the best interests of the children to award father primary custody.[2] Following longstanding precedent, we presume that the trial court reviewed all the evidence and awarded custody in the manner it believed would be in the best interests of the children. This presumption is based upon the trial court's better position to judge not only the credibility of the witnesses and parties directly but also their sincerity, character, and other trial intangibles which might not be completely revealed by the record. *Id.* at 172–73.

We conclude that the court's order is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the law.

The parties owned an unimproved lot which the court valued at $8,000.00 and found to be marital property. The court ordered the property sold and the net proceeds to be divided equally. In her second point wife contends, "The trial court erred in ordering the sale of real estate without assigning a minimum value." She argues that, although the court valued the property at $8,000.00, it did not set a minimum

1. At the time of *Elfrank,* case law held that there was a presumption that, if all other factors were equal, it was in the best interests of the children of tender ages to be in custody of the wife. *Elfrank,* 605 S.W.2d at 172; *In re Marriage of Carmack,* 550 S.W.2d 815, 818 (Mo.App.1977).

Present § 452.375.3, RSMo 1986, has eliminated this presumption. *Stoutimore v. Stoutimore,* 684 S.W.2d 344, 347 (Mo.App.1984).

2. We have not attempted to detail all the evidence presented by the parties.

amount that the lot should bring at sale to protect the interests of the parties. We have examined the court's order and find no error.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.