**G.M., Respondent,**

v.

**.B.J.T., et al., Appellants.**

**Nos. 56877, 56895.**

Missouri Court of Appeals, Eastern District, Division Five.

June 19, 1990.

G.M., Washington, pro se.

Frank Kimberly Carlson, Union, for appellants.

SIMON, Chief Judge.

The paternal grandparents, B.J.T. and S.A.T., and the natural father, W.D.T., appeal the trial court's decree awarding primary custody of D.D.M., the minor child, to G.M., her natural mother. Originally, notice of appeal was filed by the paternal grandparents. Subsequently, the natural father filed notice of appeal and the two cases have been consolidated.

D.D.M. was born on July 13, 1987. The natural parents are G.M. and W.D.T., who were not married. G.M. transferred custody of D.D.M. to the paternal grandparents on April 5, 1988. Subsequently, she moved to have custody of D.D.M. returned to her. On May 10, 1989, the trial court ordered that primary custody of D.D.M. be returned to the mother, G.M.

In their sole point on appeal, appellants contend that the trial court erred and abused its discretion in awarding primary custody of D.D.M. to G.M. because said decree was not supported by substantial evidence, was against the weight of the evidence, and erroneously declared and applied the law. We affirm.

At trial there was extensive conflicting testimony concerning the fitness of the parties. Although evidence was presented regarding G.M.'s past misconduct, G.M. testified that she is presently employed, has not used drugs in three months, has arranged for living accommodations for both herself and D.D.M., and has arranged for D.D.M. to be cared for while she is at work. The record also includes testimony concerning S.A.T.'s drinking habits, the use of threats by the paternal family, and conduct by S.A.T. designed to interfere with G.M.'s relationship with D.D.M.

The trial court has broad discretion in determining child custody, and unless we firmly believe that the welfare of the child requires some other disposition, the judgment will be affirmed. *G.A. v. D.A.*, 745 S.W.2d 726, 727 (Mo.App.1987). The trial court is in a better position to judge the credibility of the witnesses and parties along with their sincerity, character, and other intangibles which might not be revealed by the record. *Hartig v. Hartig*, 738 S.W.2d 160, 161[2, 3] (Mo.App.1987). Further, the natural parent is not to be denied custody unless that parent is shown to be unfit or incompetent or that due to extraordinary circumstances, the welfare of the child demands that custody be given to someone other than the natural parent. *In Interest of Feemster*, 751 S.W.2d 772, 773[1–3] (Mo.App.1988).

Viewing the record in the light most favorable to the decree and according the trial court deference in judging the credibility, sincerity, and character of the witnesses, we find the trial court's findings to be supported by substantial evidence and thus, there was no abuse of discretion. Further, in its award of primary custody of D.D.M. to G.M., the trial court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). Therefore, in accordance with Rule 84.16(b), an extended opinion would have no precedential value.

Judgment affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.